**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | |
|---|---|
| **TIMOTHY A. WITHROW,**            ) | |
| )| |
| **Plaintiff,**            ) | |
| ) | |
| v.            ) | **CIVIL ACTION NO. 5:06-0711** |
| ) | |
| **MICHAEL J. ASTRUE,**            ) | |
| **Commissioner of Social Security,**            ) | |
| ) | |
| **Defendant.**            ) | |

**MEMORANDUM OPINION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge. Presently pending before the court is the Commissioner's Motion to Dismiss. (Doc. No. 10.)

The Commissioner seeks dismissal of Plaintiff's Complaint on the ground that it was filed on September 13, 2006, more than 60 days after receipt of the Commissioner's final decision and, therefore, did not comply with 42 U.S.C. § 405(g). The Commissioner asserts that Plaintiff should have commenced this action on or before September 11, 2006. In addition, the Commissioner argues that there are no circumstances that justify equitable tolling of the 60-day requirement of 42 U.S.C. § 405(g). Plaintiff has not responded to the Commissioner's Motion.

The Court makes the following findings as to the procedural history in this case:

1. The ALJ issued an unfavorable decision on April 28, 2006. (Doc. No. 11 at 1.)

2. The Appeals Council denied Plaintiff's request for review on July 7, 2006. (Id.) The

decision of the Appeals Council notified the Plaintiff of his right to commence a civil action within 60 days of receipt and was sent to Plaintiff.

 3. The Plaintiff filed his complaint with the Clerk of the District Court on September 13, 2006, by his attorney, John H. Shumate, Jr. (Doc. No. 1.)

 Judicial review of a determination made by the Commissioner of Social Security is controlled by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Pursuant to the Commissioner's authority under § 405(g) to allow "further time" for the commencement of civil actions, the Commissioner promulgated 20 C.F.R. § 422.210(c) (2005). Under the regulation, the 60-day period starts when notice is received by the claimant. The regulations also create a rebuttable presumption that the claimant receives the notice "five days after the date of such notice." A claimant can rebut this presumption by making a "reasonable showing to the contrary" that he or she did not receive such notice within the five days. 20 C.F.R. § 422.210(c) (2005). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

 In the present case, the Appeals Council issued its decision on July 7, 2006. Pursuant to 20 C.F.R. § 422.210(c), Plaintiff is presumed to have received the notice from the Appeals Council on

July 12, 2006. Thus, the 60-day period ran on September 10, 2006. That day fell on a Sunday, on which the Court was closed. Pursuant to Fed. R. Civ. P. 6(a), the 60-day period therefore ran on September 11, 2006. Claimant has not attempted to rebut the presumption that he received the Appeals Council's notice on or before July 12, 2006. Without a response from Plaintiff, there appear to be no circumstances which would justify equitable tolling of the sixty-day requirement in the instant case.

Accordingly, for the reasons set forth in this Memorandum Opinion and by the Judgment Order entered this day, the Defendant's Motion to Dismiss (Doc. No. 10.) is **GRANTED** and this matter is **DISMISSED** from the docket of this Court.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

ENTER: May 22, 2007.

R. Clarke VanDervort
United States Magistrate Judge